IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL RODNEY BOUGH                                                                    PLAINTIFF

vs.                                      Civil No. 5:08-cv-05061

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Michael R. Bough ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff protectively filed his applications for SSI and DIB on December 14, 2004. (Tr. 17, 57-59, 449-453). Plaintiff alleged he was disabled due to a number of different impairments including: pain in both feet, ankles and knees, pain and weakness in lower and middle back, right hip, both shoulders, right arm, elbow and hand, depression, anxiety, narcolepsey, and arthritis. (Tr. 98,136,144). Plaintiff alleged an onset date of September 7, 2004. (Tr. 57,449). These applications

were initially denied on February 23, 2005 and were denied again on reconsideration on May 4, 2006. (Tr. 41-47). On June 19, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 35). This hearing was held on March 27, 2007 in Fayetteville, Arkansas. (Tr. 477-540). Plaintiff was present and was represented by counsel, Evelyn Brooks, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a 12th Grade education. (Tr. 25).

On July 31, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 17-27). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 19, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 7, 2004, his alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, osteoarthritis, affective/mood disorder, and back/knee disorders. (Tr. 19-22, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 22-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 22-25). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record,

2

that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work except he should do no sustained driving. The claimant is able to occasionally lift/carry 10 pounds and frequently lift/carry less than 10 pound and he is able to, sit up to six hours and stand/walk up to 2 hours in an 8-hour workday. he can occasionally climb ramps/stairs, stoop, bend, crouch, crawl, and balance; but he should never climb scaffolds, ladders, or ropes. Unprotected heights, dangerous equipment-machines, and uneven surfaces should be avoided. Due to fatigue, pain, and sleep apnea, the claimant is able to understand, remember, and carry out only the non-complex simple instructions; use little judgment; and only do routine/repetitive tasks. Also, he can learn by rote, have superficial contact incidental to work with the public and co-workers and would need concrete, direct, and specific supervision.

(Tr. 22, Finding 5).

The ALJ then evaluated Plaintiff's PRW and his ability to perform that work and other work in the national economy. (Tr. 25, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 482-500, 525-529). Based upon this testimony, the ALJ determined that Plaintiff would be unable to perform his PRW. (Tr. 25, Finding 6). The ALJ also determined, however, that Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 25, Finding 10). Specifically, the VE testified that Plaintiff would be able to perform work as an assembler with 1,400 such jobs in Arkansas and 92,000 in the national economy. (Tr. 26). Based upon this testimony, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy and was not disabled from September 7, 2004 through the date of the ALJ's decision. (Tr. 26, Findings 11).

On October 1, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On February 12, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-7). On March 20, 2008, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 8-9). This case is

now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in evaluating his subjective complaints;(B) the ALJ did not properly consider his impairments in combination; (C) the ALJ erred in determining he retained the RFC for sedentary work; and (D) the ALJ erred by failing to properly consider the opinions and findings of his treating physicians as required by Eighth Circuit precedent. (Doc. No. 8, Pages 20-26).  In response,  Defendant argues that the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons.  (Doc. No. 9, Pages 3-13).  Defendant also argues the ALJ properly found Plaintiff retained the RFC for sedentary work.  *See id.*  Because this Court finds the ALJ erred in assessing Plaintiff's subjective

5

complaints, this Court will only address Plaintiff's first claim.

Plaintiff claims the ALJ improperly evaluated his subjective complaints. (Doc. No. 8, Pages 21-23). Specifically, Plaintiff claims his subjective complaints are well-supported by his medical records and should have been found to be credible. *See id.* After reviewing the ALJ's opinion, the record, and all of the relevant evidence, this Court finds the ALJ did not properly assess Plaintiff's subjective complaints pursuant to the requirements of *Polaski*.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991). The ALJ mentioned Plaintiff's daily activities and some medications taken by Plaintiff, but she did not discuss inconsistencies in the claimed subjective complaints or perform an analysis of the *Polaski* factors. (Tr. 23). Simply citing the relevant regulation is not sufficient to comply with the requirements of *Polaski* or 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, which require consideration and analysis of all of the foregoing factors.

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and

complete analysis pursuant to *Polaski* must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that the ALJ's decision be a reversed and remanded.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 24th day of July, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.